08-5575-cv
Tucker v. New York City

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of May, two thousand ten.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
                    *Circuit Judges.*[*]

-----------------------------------------------------------------------------------

FRANKLIN TUCKER,

                    *Plaintiff-Appellant,*

          v.                                                    No. 08-5575-cv

NEW YORK CITY, NEW YORK CITY
DEPARTMENT OF EDUCATION, JOEL KLEIN, in
his official capacity, as an aider and abettor,

                    *Defendants-Appellees.*

-----------------------------------------------------------------------------------

APPEARING FOR APPELLANT:     PHILIP A. WELLNER (Katherine L. Pringle, Andrew W. Schilling, *on the brief*), Friedman Kaplan Seiler & Adelman LLP, New York, New York.

---

[*] Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).

APPEARING FOR APPELLEES: RONALD E. STERNBERG, Assistant Corporation Counsel (Leonard Koerner, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Gerard E. Lynch, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 1, 2008, is AFFIRMED.

Plaintiff Franklin Tucker,[1] an African-American male, appeals from an award of summary judgment in favor of defendants New York City, the New York City Department of Education, and Joel Klein, in his official capacity as schools chancellor (collectively, the "City"), on his claims of race discrimination under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and First Amendment retaliation.[2] We review an award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Ollman v. Special Bd. of Adjustment No. 1063, 527 F.3d 239, 245 (2d

---

[1] Tucker proceeded pro se in the district court. We appointed pro bono counsel for this appeal.

[2] The district court also entered summary judgment on Tucker's claims under 42 U.S.C. § 1985, the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and New York State and City Human Rights Laws. Tucker does not challenge these rulings on appeal.

Cir. 2008). In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

### 1. Race Discrimination Claim

Tucker submits that the district court erred in rejecting as a matter of law his claim of a discriminatory failure to hire him as the Region 10 drug director. Even assuming that Tucker raised this claim in the district court, see Turkmen v. Ashcroft, 589 F.3d 542, 549 n.6 (2d Cir. 2009) (noting that issues not raised in district court are deemed waived), we are not persuaded.

We analyze both Title VII and § 1981 race discrimination claims under the familiar burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Lopez v. S.B. Thomas, Inc., 831 F.2d 1184, 1188 (2d Cir. 1987). The City does not dispute that Tucker made out a prima facie case of race discrimination because he is a qualified African American who applied for the position ultimately given to a non-African American. The City contends, however, that it articulated a legitimate, nondiscriminatory reason for not hiring Tucker and that Tucker failed to adduce evidence of pretext. See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981); accord Leibowitz v. Cornell Univ., 584 F.3d 487, 499 (2d Cir. 2009).

3

The City Articulated a Legitimate, Non-discriminatory Reason for Its Decision Not To Hire Tucker

The City submits that Tucker performed poorly during an interview with Victor Rodriguez, director of student placement, youth, and family support services in that he (1) "did not demonstrate a leadership style that [Rodriguez] felt would make him successful in handling . . . multiple responsibilities"; (2) responded to hypothetical questions in a manner indicating "a non-inclusive leadership style," suggesting that he would not "approach[] problems in [a] collaborative style"; (3) "did not embrace any alternative approach to problem-solving that involved discussion and feedback, nor did he seem to embrace a leadership style emphasizing consensus building or teamwork"; and (4) "seemed disinterested in making follow-up visits to . . . counselors in the field or otherwise participating in on-site program assessments." Rodriguez Decl. ¶ 8. Further, Rodriguez's later discussion with Superintendent Dennis Pradier, under whom Tucker previously served as an interim-acting drug director, revealed that Tucker was "difficult to work with because of his abrasive style." Id. ¶ 10.

On appeal, Tucker submits that these reasons are insufficient to satisfy the City's intermediate burden of production because they are subjective. Our precedent is to the contrary. "There is nothing unlawful about an employer's basing its hiring decision on subjective criteria, such as the impression an individual makes during an interview." Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 104 (2d Cir. 2001) (internal quotation marks and alteration omitted); see also id. at 106 ("An employer is entitled to arrive at a

4

subjective evaluation of a candidate's suitability for a position."). Moreover, the City's desire to hire a drug director with an inclusive and collaborative leadership style is not the sort of "wholly subjective and unarticulated standard[]," Knight v. Nassau County Civil Serv. Comm'n, 649 F.2d 157, 161 (2d Cir. 1981), or "vague or conclusory averment[] of good faith," Meiri v. Dacon, 759 F.2d 989, 997 (2d Cir. 1985), that would not "frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext," Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. at 255-56; accord Meiri v. Dacon, 759 F.2d at 997. We, therefore, conclude that the City carried its intermediate burden of production.[3]

> b. Tucker Did Not Adduce Evidence Showing that the City's Non-discriminatory Reason Was Pretextual

Tucker contends that a jury could infer pretext based on his conclusory assertions of (1) procedural irregularities in the hiring process, and (2) the allegedly inferior qualifications of Vivian Figueroa, who was ultimately chosen for the drug director position. We are not persuaded.

---

[3] Byrnie is not to the contrary. There, we acknowledged that evidence showing that defendants relaxed the degree requirements for a position, failed to comply with a procedure barring consideration of an application before it was complete, offered implausible explanations for choosing a less qualified candidate, and subjectively evaluated interview performance "might not have been sufficient in itself to defeat summary judgment," but we concluded that such evidence could support a finding of discrimination because a jury might draw an adverse inference based on the defendants' destruction of relevant evidence. Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d at 110-11. By contrast, Tucker has adduced no evidence raising a genuine issue regarding the City's credibility.

5

Even assuming that the City departed from a standard protocol of maintaining interview notes and notifying candidates of their non-selection, that, by itself, would be insufficient to raise an inference of discrimination in this case. See Weinstock v. Columbia Univ., 224 F.3d 33, 45 (2d Cir. 2000) (affirming summary judgment on Title VII claim when alleged procedural irregularities were unrelated to sex, did not affect final employment decision, and revealed "no evidence of pretext"). Further, the record shows that, like Tucker, Figueroa previously served as an interim-acting drug director and held the appropriate license for the position.[4] In such circumstances, the difference Tucker alleges in their qualifications would not support a finding of pretext because the City did not assert that it hired a better qualified applicant, but rather that it hired a more collaborative one. Cf. Ash v. Tyson Foods, Inc., 546 U.S. 454, 457 (2006) (noting that plaintiff "might seek to demonstrate that respondent's claim to have promoted a better qualified applicant was pretextual by showing

---

[4] Tucker's appellate argument that this license evidence does not satisfy the business records exception of Federal Rule of Evidence 803(6) was not raised in the district court, and thus we deem it waived. See Turkmen v. Ashcroft, 589 F.3d at 549 n.6; see also 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2738, at 372-73 (3d ed. 1998) ("A party must move to strike an affidavit that violates Rule 56(e). The failure to do so will result in the waiver of the objection and, in the absence of 'a gross miscarriage of justice,' the court may consider the defective affidavit." (footnotes omitted)). In any event, we identify no miscarriage of justice in the district court's consideration of the challenged evidence. The City produced copies of Figueroa's license history accompanied by a sworn declaration of the director of the Office of Supervisory Services testifying that her statements were made "based on personal knowledge and a review of the books and records of the [Department of Education]." Labozzetta Decl. ¶ 4. Thus, Figueroa's licensing history was admissible evidence at trial. See Fed. R. Civ. P. 56(e)(1); Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 312-13 (2d Cir. 2008) (holding adequate foundation for business records exception laid in similar affidavit).

6

that []he was in fact better qualified than the person chosen for the position"). Tucker has adduced no evidence showing that he exhibited the sort of collaborative leadership skills the City sought for the position.

Accordingly, the district court properly entered summary judgment on Tucker's race discrimination claim.

2. First Amendment Retaliation Claim

Tucker also challenges the award of summary judgment on his First Amendment retaliation claim. To pursue this claim, Tucker had to adduce evidence that: "(1) his speech was constitutionally protected, (2) he suffered an adverse employment decision, and (3) a causal connection exists between his speech and the adverse employment determination against him, so that it can be said that his speech was a motivating factor in the determination." Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999). Upon such a showing, the burden would shift to defendant to demonstrate "that it would have taken the same adverse employment action 'even in the absence of the protected conduct.'" Id. (quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

The district court correctly explained in some detail why most of Tucker's speech was not constitutionally protected and the deficiencies in his attempt to demonstrate the requisite causal connection. Tucker contends that a jury could infer a causal connection because the City's hiring decision occurred within six or seven months of his protected speech. See Gorman-Bakos v. Cornell Co-op Extension of Schenectady County, 252 F.3d 545, 554 (2d

7

Cir. 2001) ("In this Circuit, a plaintiff can indirectly establish a causal connection to support a . . . retaliation claim by showing that the protected activity was closely followed in time by the adverse [employment] action." (internal quotation marks omitted; alteration in original)). We need not discuss this argument at length because even if we were to resolve it in Tucker's favor, he would not be entitled to relief on appeal because he cannot show that hiring decisionmakers were aware of his only conceivably protected speech (the letter to Modzeleski) or that the City's evidence that it would not have hired Tucker "even in the absence of the protected conduct," Morris v. Lindau, 196 F.3d at 110, was a pretext for retaliation. As noted, the City offered evidence that it chose Figueroa over Tucker because she had a more collaborative leadership style that he failed to demonstrate in either his job interview or past employment. Thus, the district court correctly concluded that Tucker's First Amendment claim fails for the same reasons that his race discrimination claim fails. See Cotarelo v. Vill. of Sleepy Hollow Police Dep't, 460 F.3d 247, 253 (2d Cir. 2006) (affirming summary judgment for defendants on First Amendment retaliation claim when, notwithstanding protected speech, officer selected for promotion "interviewed better" than officer turned down).

We have considered Tucker's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8